**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 58 EDA 2025 |

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0409891-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 59 EDA 2025 |

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0700562-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 60 EDA 2025 |

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0415571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|   |   |   |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 61 EDA 2025 |

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0415591-2002

|   |   |   |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 62 EDA 2025 |

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700571-2002

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 2, 2026**

Shariff Butler appeals *pro se* from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA")[1] as prematurely filed. Butler argues the PCRA court erred in dismissing his PCRA petition because he was advised to re-file this petition by the PCRA court. After careful review, we affirm.

The PCRA court set forth the relevant factual and procedural history:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

From September 18, 2001, to September 23, 2001, [Butler] and several accomplices attacked Craig Brown and his girlfriend, Patricia Mack. [Butler] believed Brown owed him money for drugs. [Brown] and [Mack] were robbed, assaulted, and kidnapped. On September 23, 2001, … Brown was found dead from multiple gunshot wounds.

On June 10, 2003, in a jury trial before the Honorable John J. Poserina, Jr., [Butler] was convicted of possession of a controlled substance, attempted burglary, criminal conspiracy, kidnapping, burglary, robbery, and [carrying a firearm without a license,[2]] for which he received an aggregate sentence of twenty-seven and one-half to fifty-five years imprisonment. [Butler] was acquitted of murder.

[Butler] appealed, and [this Court] affirmed the judgment of sentence on December 27, 2004. [Butler] filed an *allocatur* petition, and the Pennsylvania Supreme Court denied *allocatur* on April 19, 2005.

On May 4, 2006, [Butler] filed a timely *pro se* PCRA petition. Appointed PCRA counsel, Gary S. Server, Esq., initially filed a **Turner**/**Finley**[[3]] no-merit letter, but subsequently filed an amended PCRA. The petition was dismissed without a hearing on September 4, 2008, and on September 25, 2008, [Butler] filed a *pro se* notice of appeal. On July 1, 2010, [this Court] affirmed the dismissal of [Butler's] PCRA petition. On February 16, 2011, [Butler] filed an *allocatur* petition, which was denied by the Supreme Court on August 8, 2011.

On May 17, 2012, [Butler] filed his second [*pro se*] PCRA petition. The petition was dismissed as untimely on February 6, 2013. [Butler] appealed. On January 16, 2014, [this Court] affirmed the dismissal of [Butler's] second PCRA petition. [Butler] filed an *allocatur* petition, which was denied on July 8, 2014.

---

[2] 35 Pa.C.S.A. § 780-113(a)(30); 18 Pa.C.S.A. §§ 901, 903, 2901, 3502, 3701, and 6106, respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 26, 2016, [Butler] filed his third [*pro se*] PCRA petition, which was dismissed as time-barred. … On January 12, 2022, [this Court] affirmed the dismissal of [Butler's] third PCRA petition.

On October 10, 2022, [Butler] filed [another *pro se* PCRA] petition—his fourth—alleging constitutional violations and ineffectiveness of former PCRA counsel, Gary Server. On April 3, 2023, [Butler] filed an amended *pro se* PCRA petition claiming that (i) PCRA counsel, Gary Server, was ineffective for filing a **_Finley_** letter requesting dismissal of [Butler's] Rule 600b claim and (ii) [Butler's] 14th Amendment rights were violated as a result of the alleged Rule 600b claim dismissal.

On June 20, 2023, [Butler] filed a supplemental petition raising an additional claim that PCRA counsel was ineffective for "failure to raise petitioner's preserved self-representation right violation" claim. [On June 3, 2024, Butler filed a third amended PCRA petition. At the August 19, 2024, argument on the October 10, 2022, PCRA petition, the court advised Butler that it would not consider the third amended petition filed on June 3, 2024, because it had been filed after argument had been scheduled. The court explained that it would dismiss the June 3, 2024, third amended petition without prejudice to Butler re-filing it, since it was not being dismissed on the merits.] On August 20, 2024, the Honorable Scott DiClaudio, sitting as the PCRA court[,] dismissed [Butler's October 10, 2022, petition, April 3, 2023 amended petition and June 20, 2023 supplemental] PCRA petition[s]. [On September 17, 2024, Butler filed a *pro se* notice of appeal.[4]] On October 11, 2024, [Butler] filed a subsequent [*pro se*] PCRA [petition, reiterating the same claims as his June 3, 2024, third amended PCRA petition]. On November 8, 2024, Judge DiClaudio dismissed [Butler's] PCRA [petition] as being premature, as the pending appeal of his previous [PCRA dismissal] … was still pending. …

---

[4] The appeal of the August 20, 2024, order, is docketed at numbers 2611 EDA 2024 through 2615 EDA 2024 and is the subject of a separate decision by this Court.

PCRA Court Opinion, 7/9/25, at 1-2 (pagination added for ease of reference, some formatting altered).

Butler filed a timely notice of appeal from the November 8, 2024 order. The PCRA court did not order Butler to file a Rule 1925(b) statement. The court authored its Rule 1925(a) on July 9, 2025.

Before we can address the merits of Butler's claims, we must determine if this Court has jurisdiction to address this appeal. In 2000, our Pennsylvania Supreme Court held that a PCRA court does not have jurisdiction to hear a new PCRA petition if the prior PCRA petition is pending on appeal with this Court. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) ("We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of the review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.").

This Court has emphasized that *Lark* is still binding:

Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition. In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending.

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (citations and quotation marks omitted).

Butler filed the instant PCRA petition while the appeal of his prior PCRA petitions were pending with this Court. The PCRA court, and consequently, this Court, are therefore without jurisdiction to hear this appeal. As such, we affirm the order of the PCRA court dismissing Butler's PCRA petition as prematurely filed.

We note that Butler argues the PCRA court gave him incorrect advice that he could pursue both a re-filing of his June 3, 2024, PCRA petition and an appeal of the dismissal of all his prior PCRA petitions simultaneously. *See* Appellant's Brief, at 9-10. While we recognize that the PCRA court did provide this incorrect advice at the hearing held on August 19, 2024, "[i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." *Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (citation omitted). We therefore do not have jurisdiction to hear this appeal even though the PCRA court provided incorrect information.

However, even if we addressed the merits of Butler's timeliness exception, we would find he has not met the newly discovered fact exception. *See Commonwealth v. Reeves*, 296 A.3d 1228, 1232-33 (Pa. Super. 2023) (holding that newspaper articles referencing misconduct by detectives in matters unrelated to appellant's case cannot constitute newly discovered facts); *see also Mickeals*, 335 A.3d at 24 (a detective's conviction is not a

new fact as it was, at best, a new conduit for previously known information). Butler presented an identical claim herein. He asserted a detective involved in his interrogation has been accused of similar misconduct in other cases, thereby providing him with newly discovered facts allowing him to raise the claim that the detective lied when he said Butler confessed, because Butler claims he never confessed. This claim, as a matter of law, would not meet the newly discovered fact exception because (1) the facts of whether Butler confessed have been known to him since his trial in 2003, and (2) these allegations are merely just that, *i.e.*, allegations, nothing more, and are not facts. **See Commonwealth v. Brown**, 350 A.3d 12, 29-30 (Pa. 2026) (defining a fact).

As such, even if we had jurisdiction to reach the merits of the October 11, 2024, petition, we would conclude Butler is due no relief because he has not established a timeliness exception.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2026